UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOEL E SILVA,<br><br>    Petitioner,<br><br>    v.<br><br>SARA SANDANA, et al.,<br><br>    Defendants. | Case No. 16-CV-05435-LHK<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 2 |

On September 22, 2016, Joel Empleo Silva ("Petitioner") filed a Petition for Habeas Corpus and a Motion for a Temporary Restraining Order. ECF No. 1; ECF No. 2 (collectively referred to as "Pet."). This case was assigned to Magistrate Judge Corley on September 23, 2016 and reassigned to the undersigned judge at 12:49 p.m. on September 23, 2016. Before the court is Petitioner's Motion for a Temporary Restraining Order. *Id.*

**I.    FACTUAL & PROCEDURAL BACKGROUND**

On August 28, 2015, an Immigration Judge ("IJ") ordered Petitioner's removal from the United States. Pet. ¶ 13. Petitioner was a legal permanent resident convicted four times of petty theft. *Id.* The IJ found Petitioner removable under 8 U.S.C. § 1227(a)(2)(A)(ii) for having committed crimes involving moral turpitude. *Id.*

1

On December 21, 2015, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal. *Id.* ¶ 15. At a time unspecified by the Petitioner, the BIA refused to release Petitioner on bond because the BIA found that Petitioner was a danger to "property." *Id.* ¶ 6.

On January 13, 2016, Petitioner petitioned for review of the BIA's decision to the Ninth Circuit Court of Appeals. *Id.* ¶ 16. On June 10, 2016, the Ninth Circuit panel hearing the case granted Petitioner's motion for stay of removal. *Id.* Petitioner's appeal is currently pending. *Id.* at 4.

During Petitioner's removal proceedings and during the pendency of his appeal, he has been a detainee of U.S. Immigration and Customs Enforcement ("ICE"). On the morning of September 22, 2016, Petitioner's counsel learned that, on September 22, 2016 at 1:00 p.m., Petitioner would be transferred from the West County Detention Facility in Richmond, California to a detention facility in Louisiana. *Id.* at 17.

The same day, Petitioner filed a Petition for Habeas Corpus and Motion for a Temporary Restraining Order. Petitioner's petition seeks two forms of relief. First, Petitioner requests that the court enjoin ICE from transferring Petitioner to Lousiana or, alternatively, order ICE to return Petitioner to the West County Detention Facility in Richmond, California. Pet. ¶ 22–23. Second, Petitioner requests that the court order Petitioner's release from ICE custody. Pet. ¶ 24. Petitioner moves for a temporary restraining order on both forms of relief. Pet. at 1–2.

## II. LEGAL STANDARD

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Preliminary relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 20. "[T]he decision whether to grant or deny injunctive relief rests

2

Case No. 16-CV-05435-LHK
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

1   within the equitable discretion of the district courts," and "such discretion must be exercised

2   consistent with traditional principles of equity." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S.

3   388, 394 (2006).

## III.    DISCUSSION

As discussed above, Petitioner seeks two forms of relief in the instant motion for a temporary restraining order.  First, Petitioner requests that the court enjoin ICE from transferring Petitioner to Louisiana or order ICE to return Petitioner to Richmond, California.  Pet. ¶ 22–23.  Second, Petitioner requests that the court order Petitioner's release from ICE custody.  Pet. ¶ 24.  The Court addresses each of these forms of relief in turn.

With respect to Petitioner's first claim, Petitioner fails to establish a likelihood of success on the merits.  In Petitioner's motion for a temporary restraining order and petition for habeas corpus, Petitioner cites to no legal authority showing that Petitioner has a right to a specific detention location.  Therefore, Petitioner fails to establish that he is likely to succeed on the merits with respect to Petitioner's transfer by ICE, and the Court need not reach the other *Winter* factors. *See Kuznetsov v. Clark*, 2007 WL 1655233 (D. Wash June 6, 2007) (denying petitioner's motion for temporary restraining order seeking to prevent a transfer from an ICE facility in Washington to a "prison in Alabama" because petitioner "provide[d] no argument or legal authority showing that the Court has any basis or authority to enter such relief"); *Rosales-Leon v. Chertoff*, 2007 WL 1655237 (D. Wash. June 6, 2007) (same).

With respect to Petitioner's second claim, Petitioner has also failed to show a likelihood of success on the merits.  Petitioner asserts that the BIA denied Petitioner's release bond based on Petitioner's four prior petty theft convictions.  Pet. ¶ 20.  Petitioner asserts that the BIA's denial of bond is in violation of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), which holds that the government must show that the detainee is a "flight risk or a danger to the community" by clear and convincing evidence.  *Id.* at 1203.  *Singh* also notes that, in some cases, denials of bond based on criminal history alone "may not be warranted."  *Id.* at 1206.  Petitioner's arguments do not establish a likelihood of success on the merits.  First, while the table of contents in Petitioner's

3
Case No. 16-CV-05435-LHK
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

United States District Court
Northern District of California

1 petition lists the "BIA decision denying bond" as Exhibit C, the Petitioner fails to attach that

2 decision to the petition. *See* Pet. at 10. Second, Petitioner fails to cite authority or explain why

3 *Singh*'s conditional statement that a denial of bond *may* not be warranted under some

4 circumstances if based solely on prior petty theft convictions forbids the BIA from basing its

5 decision on prior petty theft convictions in all circumstances, or in Petitioner's case in particular.

6 Additionally, Petitioner fails to cite authority or explain why the BIA's use of Petitioner's criminal

7 record as the basis for its decision denying release shows that the BIA did not apply the required

8 clear and convincing evidence standard. Thus, Plaintiff fails to establish a likelihood of success

9 on the merits on this claim as well, and the Court need not reach the other *Winter* factors.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motion for a temporary restraining order is DENIED.

**IT IS SO ORDERED.**

Dated: September 23, 2016

_____
LUCY H. KOH
United States District Judge